7 F.3d 236
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Carl Anthony WARNER, Leonard Johnson, and Gilbert Harmon
Smith, Defendants-Appellants.
 Nos. 92-6432, 92-6507 and 92-6508.
 United States Court of Appeals, Sixth Circuit.
 Sept. 23, 1993.
 
 Before: MARTIN and SUHRHEINRICH, Circuit Judges; and WELLFORD, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Carl Warner, Leonard Johnson, and Gilbert Smith each pled guilty to one count of possession of cocaine with intent to distribute and one count of possession of a firearm during and in relation to a drug-trafficking offense, but retained the right to appeal. They challenge the district court's refusal to suppress evidence found in their motel room. We affirm.
 
 
 2
 On or about November 2, 1990, an informant told Detective Jackie R. Setliff of the Sheriff's Department in Memphis, Tennessee that he had seen approximately one kilogram of cocaine in a hotel room in Memphis. In addition, he stated that there were five individuals in the room and that they possessed various weapons, including an AK-47 assault rifle. Detective Setliff applied for a search warrant for room 149 of the Concord Inn at 5225 Summer Avenue in Memphis. He submitted an affidavit in support of his request for a search warrant which stated:
 
 
 3
 On November 2, 1990, the affiants talked with a reliable informer of Memphis, Shelby County, Tennessee, who has given the affiants other information in the past which has been found to be true and correct and which has resulted in several drug seizures and narcotics arrests. This reliable informant stated that within the past five (5) days of November 2, 1990, this reliable informer has been in the above room and has seen the above-described person storing for resale cocaine inside this motel room.
 
 
 4
 The magistrate issued a search warrant on November 3.
 
 
 5
 Detective Setliff requested that specially trained officers of the Shelby County Sheriff's Department conduct the search because the informant had told him that individuals in the motel room possessed two or three pistols and an AK-47 assault rifle. At approximately 4:30 a.m. on November 3, those officers, without knocking on the door or announcing that they were police, broke into the motel room with a battering ram.
 
 
 6
 Inside the room, the police officers found Carl Warner, Leonard Johnson, Gilbert Harmon, and two other individuals. They found approximately one kilogram of cocaine, a loaded .357-calibre revolver, a loaded .38-calibre revolver, a loaded 9-millimeter pistol, and an AK-47 assault rifle. They arrested all five individuals.
 
 
 7
 On November 15, 1990, Warner, Johnson, and Smith, the defendants, were indicted for possession with intent to distribute cocaine, a violation of 21 U.S.C. § 841(a)(1), and for possession of a firearm during and in relation to a drug-trafficking offense, a violation of 18 U.S.C. § 924(c). The defendants pled not guilty and filed motions to suppress the evidence that the police officers found in the motel room. The district court referred the defendants' motions to dismiss to a magistrate judge, who recommended that the evidence found in the motel room not be suppressed. The magistrate found that while the weapons were not listed in the warrant, the informant had told the police officer who applied for the warrant of their location in the motel room. The district court accepted the magistrate judge's recommendations and denied the defendants' motions to suppress. The defendants then changed their pleas to guilty, reserving their right to appeal the district court's denial of their motions to suppress to this court pursuant to Rule 11(a)(2) of the Federal Rules of Criminal Procedure.
 
 
 8
 The defendants raise two issues on appeal. They argue that the evidence should be suppressed from the motel room because the search warrant was invalid and because the police officers did not knock and announce their presence before breaking into the motel room.
 
 
 9
 The Fourth Amendment prohibits unreasonable searches and seizures. In our review we look to a person's legitimate expectations of privacy in determining whether the Fourth Amendment applies to a given situation. Katz v. United States, 389 U.S. 347 (1967). This Fourth Amendment expectation can apply to searches of hotel and motel rooms. United States v. Killebrew, 560 F.2d 729, 733 (6th Cir.1977). One key aspect of the reasonableness of a search is whether the police obtained a search warrant. See United States v. Ventresca, 380 U.S. 102, 106 (1965) ("[I]n a doubtful or marginal case a search under a warrant may be sustainable where without one it would fall."). The Fourth Amendment requires that no search warrant shall issue unless the search warrant is based on probable cause. We define probable cause as "a fair probability that evidence of a crime will be located on the premises of the proposed search." United States v. Bowling, 900 F.2d 926, 930 (6th Cir.), cert. denied, 498 U.S. 837 (1990). In determining whether probable cause exists to obtain a search warrant, the magistrate must look to the totality of the circumstances. Illinois v. Gates, 462 U.S. 213, 230-31 (1983).
 
 
 10
 In all likelihood in this case, probable cause did not exist to issue the warrant at the time it was issued. The affidavit submitted by Mr. Setliff only stated that a reliable informant had seen cocaine in the motel room within the last five days. Five-day-old information regarding a motel room, unless other information is available to show that the occupants have not changed, is simply too stale to be the basis for probable cause, even considering the totality of the circumstances. Compare United States v. Gray, No. 89-1308 (6th Cir. Oct. 3, 1989) (unpublished) (affidavit based on informant's statements that he had seen cocaine at the defendant's residence within past six days not stale) and United States v. King, No. 91-5501, 1991 WL 278983 (6th Cir.1991) (unpublished) (probable cause to believe cocaine existed on premises five days after informant reported seeing cocaine). There simply is no "fair probability" that evidence will stay in a motel room for five days. The magistrate should not have issued the warrant.
 
 
 11
 The fact that the search warrant was invalid however, does not end our inquiry. When the police execute a search warrant that is not based on probable cause, evidence arising from the search should only be suppressed if: 1) the affidavit upon which the magistrate finds probable cause includes knowing or reckless false statements; 2) the magistrate "wholly abandons his judicial role"; 3) the affidavit upon which probable cause is so lacking in indicia of probable cause that reliance on the search warrant is "entirely unreasonable;" and 4) the warrant itself is so flawed that the executing officers cannot reasonably presume it to be reasonable. United States v. Leon, 468 U.S. 897, 923 (1984). None of these four elements exists in this case, and thus the officers had a reasonable right to rely on the warrant. Id. Nothing in the record indicates that Mr. Shetliff knowingly or recklessly included a false statement in the affidavit. Nothing in the record indicates that the magistrate wholly abandoned his judicial role in issuing the warrant. The officers in this case were not "entirely unreasonable" in relying on the information as to the cocaine and weapons they had received from the informant to obtain the search warrant, and nothing in the record indicates that the warrant was facially invalid. The warrant's invalidity is not grounds to suppress the evidence found during the search of the motel room.
 
 
 12
 The defendants also strongly argue that the evidence found in the motel room should be suppressed because the police officers did not knock and announce their presence before entering the motel room. They argue that 18 U.S.C. § 3109, the "knock and announce statute," controls the outcome for this issue. That statute provides,
 
 
 13
 The officer may break open any outer or inner door or window of a house, or any part of a house, or anything therein, to execute a search warrant, if, after notice of his authority and purpose, he is refused admittance or when necessary to liberate himself or a person aiding him in the execution of the warrant.
 
 
 14
 The "knock and announce" statute does not strictly apply to the facts of this case because it applies to federal officers, not state officers, and the officers in this case were exclusively state officers. United States v. Valenzuela, 596 F.2d 824 (9th Cir.), cert. denied, 441 U.S. 965 (1979).
 
 
 15
 In a recent case, United States v. Finch, --- F.2d ----, ---- (6th Cir.1993) (slip op. no. 92-5942, decided and filed July 6, 1993), this court treated an argument against state officers under 18 U.S.C. § 3109 as an argument that a search is unreasonable under the Fourth Amendment. The court held that an unannounced, forcible entry is unreasonable under the Fourth Amendment unless exigent circumstances require such an entry. Id. at ----. In this case, exigent circumstances did justify entry into the motel room without knocking. The informant who told the police that he had seen cocaine in the motel room also told the police that there were pistols and an AK-47 assault rifle in the room to protect the cocaine. Faced with that firepower, especially since the officers were unaware whether the AK-47 was functional, and faced with the possibility that the cocaine could be flushed down the motel toilet, we believe as did the district court that the police officers faced sufficiently exigent circumstances to warrant an unannounced entry. Cf., United States v. Nabors, 901 F.2d 1351, 1354 (6th Cir.1990) (examining the threat to the officers' safety, the safety of those inside the room, and the need to preserve narcotics evidence when determining whether exigent circumstances exist for purposes of 18 U.S.C. § 3109).
 
 
 16
 For the foregoing reasons, we affirm the judgment of the district court.